# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Wanda Micks,

      Plaintiff,

v.

Gurstel Law Firm, P.C.,

      Defendant.

Case No. 17-cv-4659 (ECT/ECW)

**ORDER**

This matter is before the Court upon the parties' contested Joint Motion Regarding Continued Sealing (Dkt. No. 63) pursuant to Local Rule 5.6(d) concerning documents filed under seal (Dkt. Nos. 38, 41, 45, 48, and 50). For the reasons stated below, the Court concludes that Docket Numbers 38, 41, 45, 48, and 50 should be unsealed.

## I.    FACTUAL BACKGROUND

This case arises out of Plaintiff's assertion that Defendant illegally placed a levy on her wages in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The parties disagree as to whether Docket Numbers 38, 41, 45, 48, and 50 should be unsealed. These documents were filed under seal with the Court in conjunction with the parties' respective Motions for Summary Judgement. (Dkt. Nos. 31, 36.) The sealed documents at issue include: a memorandum of law and reply filed by Plaintiff (Dkt. Nos. 38, 50); a sealed exhibit filed Plaintiff consisting of excerpts from the deposition transcript of Defendant's Rule 30(b)(6) deponent Amy Goltz (Dkt. No. 41), which was marked "CONFIDENTIAL" under the operative Protective Order (Dkt. No. 19); a reply

1

in support of summary judgment filed by Defendant (Dkt. No. 45); and a sealed exhibit filed by Defendant also consisting of excerpts from the same confidential Rule 30(b)(6) deposition transcript involving Goltz (Dkt. No. 48).[1]

Defendant argues as part of the motion for continued sealing that the information contained in Docket Numbers 38, 41, 45, 48, and 50 "relates to or discuss Defendant's financial documents or proprietary policy and procedures. This information is protected under the Court's adopted Protective Order and if disclosed the Defendant is at risk of competitive disadvantage." (Dkt. No. 63.) Plaintiff countered that the pleadings at issue "do not contain any confidential or proprietary information." (*Id.*) Neither party explains their respective position beyond their conclusory assertions nor do they rely on any legal authority. *See Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002) (finding that the proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations"); *see also Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 6065752, at *2 (M.D. Fla. Nov. 12, 2014) ("The statement that 'this proprietary and confidential information, if publicly disclosed, would provide competitors of the Defendant and Defendant's vendors an unfair advantage' without more is not enough to override the common law and First Amendment rights of the public to review court documents."); Local Rule 5.6(d)(2)(A)(ii).

---

[1] Redacted copies of the Plaintiff's opening and reply memoranda were filed as Docket Numbers 49 and 51, respectively, and a redacted copy of Defendant's reply memoranda was filed as Docket Number 46.

## II. ANALYSIS

The mere fact that a document has been designated as confidential under a protective order is not a valid basis to keep the document under seal indefinitely for the purposes of Local Rule 5.6(d), which governs motions for further consideration of sealing in this District.  American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons.") (citation omitted); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case.").  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies."  It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).

"'This right of access is not absolute, but requires a weighing of competing interests.'"  *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the

> information sought to be sealed. . . . "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case."

*IDT Corp.*, 709 F.3d at 1223 (citations omitted); *see also, Feinwachs*, 2018 WL 882808, at *3 (citation omitted).

While Local Rule 5.6 does not explicitly set forth a standard of proof which parties must meet in order for the Court to change the prior sealing determinations made in the context of a joint motion regarding continued sealing under Local Rule 5.6(d)(2), the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT Corp.*, *supra*, by requiring this Court to balance the interests of Defendant in maintaining the confidentiality of the documents at issue with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. **Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access**.

Local Rule 5.6(d) *advisory committee's note* (emphasis added).

The operative documents at issue are the excerpts from the Rule 30(b)(6) deposition of Defendant involving Goltz, given that the redacted portions of the parties' respective sealed memoranda rely on her testimony. The Court has reviewed these transcripts at Docket Numbers 41 and 48 and concludes that Defendant has not met its burden to show that this testimony contains proprietary policies or procedures that if

disclosed would place Defendant at risk of competitive disadvantage.  In particular, Goltz, in her testimony, discusses what type of collection business Defendant handled; how Defendant intakes, records, and reviews the information it receives; whether Defendant considers discharged judgments enforceable; Plaintiff's collection history and notations related to the record; whether Plaintiff's debt was dischargeable and her application for discharge; who fielded garnishment questions on behalf of Defendants; Defendant's employees involved in the collection activities related to Plaintiff and the review of her file; communications from Defendant to Plaintiff's employer; a Hennepin County District Court matter involving Plaintiff; how often Defendant receives applications for discharges; communications to Plaintiff's employer; and what documents are reviewed by Defendant in conjunction with wage garnishments and levies.  (*See* Dkt. Nos. 41, 48.)  Much of this information deals with simple intake and review of information in relation to debt collection.  For example, there nothing secret or proprietary about the fact that debt collectors review relevant facts received by them regarding a debt or that they use a variety of personnel, including attorneys, to review files.  In sum, based on its review, the Court concludes that Defendant's need for confidentiality in the information contained in Docket Numbers 38, 41, 45, 48, and 50 does not outweigh the public's right of access as it relates to decisions rendered by the Court regarding possible unlawful debt collection practices.

### III.  ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Joint Motion Regarding Continued Sealing (Dkt. No. 63) is **DENIED**; and

2. The Clerk of Court is directed to **UNSEAL** Docket Numbers 38, 41, 45, 48, and 50.

DATED: January 16, 2019  *s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge